IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **MARY THURMAN** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **CASE NO.** _____ |
| **AMERICAN HONDA MOTOR CO., INC.** ) | |
| Serve: The Corporation Company ) | |
|     120 South Central Avenue ) | **JURY TRIAL DEMANDED** |
|     Clayton, MO 63105 ) | |
| ) | |
| And ) | |
| ) | |
| **HONDA MOTOR CO., LTD.** ) | |
| 2-1-1 Minami-Aoyama ) | |
| Minato-ku, Tokyo 107-8556, Japan ) | |
| ) | |
| And ) | |
| ) | |
| **HONDA R&D CO., LTD.** ) | |
| Wako Research Center ) | |
| 1-4-1 Chuo ) | |
| Wako 351-0-13, Japan ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff, Mary Thurman, brings this cause of action against defendants American Honda Motor Co., Inc., Honda Motor Co. Ltd., and Honda R&D Co., Ltd., for personal injuries and damages suffered.

## PARTIES

1. Plaintiff Mary Thurman ("Plaintiff") is a resident and citizen of the State of Missouri.

2. Defendant American Honda Motor Co., Inc. ("American Honda") is a foreign corporation with its principal place of business in Torrance, California. Defendant American Honda can be served through its registered agent at the address listed in the caption above.

3. Defendant Honda Motor Co., Ltd. ("Honda Motor") is a foreign corporation with its principal place of business in Tokyo, Japan. Defendant Honda Motor can be served through the Hague Service Convention.

4. Defendant Honda R&D Co., Ltd. ("Honda R&D") is a foreign corporation with its principal place of business in Wako, Japan. Defendant Honda R&D can be served through the Hague Service Convention.

## JURISDICTION AND VENUE

5. Defendants American Honda, Honda Motor, and Honda R&D (collectively referred to as "Honda defendants") are subject to jurisdiction of this Court pursuant to Mo. Rev. Stat. §506.500. The Honda defendants transacted business and/or committed tortious acts within this state. The Honda defendants designed, manufactured, marketed and/or sold a 2008 Honda Civic for use in the State of Missouri. Plaintiff's injuries, damages and claims in this matter arise from the design, manufacturing, marketing and/or sale of the 2008 Honda Civic.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1332. As shown above in paragraphs 1 through 4, complete diversity exists between Plaintiff and all defendants. As shown below in paragraphs 17 through 24, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Venue is proper in this Court in that Plaintiff was injured in Cole County, Missouri, as a result of defendants' wrongful acts.

## NATURE OF THE CASE

8. On June 26, 2019, Plaintiff was driving a 2008 Honda Civic heading west on MO Route C near the intersection with Meadows Ford Spur. Plaintiff was stopped in traffic due to road construction.

9. At the same time and place described above, Justina Anderson was driving an Isuzu Rodeo west on MO Route C.

10. The Isuzu Rodeo driven by Anderson struck the rear of the Honda Civic driven by Plaintiff.

11. During the collision sequence, the driver seat of the Honda Civic failed rearward and came into contact with the rear seatback which was folded down as designed by the Honda defendants to allow transportation of cargo.

12. Due to the failure of the driver seat in the rearward direction, Plaintiff did not remain properly restrained in the driver seat. Plaintiff moved out of her seating position in a rearward direction and was injured when she impacted the interior of the occupant compartment.

13. The injuries sustained by Plaintiff when she moved out of her seating position and impacted the interior of the occupant compartment included fractures of her thoracic vertebrae.

14. As a result of the fractures to her thoracic vertebrae, Plaintiff suffered spinal cord damage and is paraplegic.

15. During the collision sequence, Plaintiff suffered other injuries including subarachnoid hemorrhage, lumbar fractures, rib fractures, kidney laceration and contusion, and para-aortic hematoma.

16. The injuries suffered by Plaintiff in the collision sequence are permanent, including permanent paralysis.

17. Due to injuries suffered in the collision sequence, Plaintiff has suffered economic loss in the form of past and future medical expenses for care and treatment

18. The past medical expenses incurred by Plaintiff as a result of the injuries suffered in the collision sequence exceed $306,000.00.

19. The future medical expenses for necessary care and treatment to Plaintiff for injuries suffered in the collision sequence exceed $4,950,000.00 and may exceed $5,825,000.00.

20. Due to injuries suffered in the collision sequence, Plaintiff has suffered economic loss in the form of past and future loss of income and/or earning capacity.

21. The past and future loss of earning capacity to Plaintiff resulting from injuries suffered in the collision sequence exceed $21,000.00.

22. Due to injuries suffered in the collision sequence, Plaintiff has suffered economic loss in the form of past loss of services.

23. The past loss of services suffered by Plaintiff resulting from injuries suffered in the collision sequence exceed $21,000.00.

24. Due to injuries suffered in the collision sequence, Plaintiff has suffered non-economic damages in the form of past and future pain, past and future physical and emotional suffering, and past and future loss of enjoyment of life.

**COUNT I**
**Strict Liability in Tort -- Design Defect**
**(Honda Defendants)**

25. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 to 24.

26. The Honda defendants designed, manufactured and/or sold the 2008 Civic within the ordinary course of business.

27. The 2008 Civic was being used in a manner reasonably anticipated by the Honda defendants.

28. The collision on June 26, 2019, was the type of collision that was reasonably foreseeable to the Honda defendants.

29. At the time of the design, manufacture, and/or sale of the 2008 Civic, the car was in a defective condition unreasonably dangerous when put to a reasonably anticipated use and was involved in a collision reasonably anticipated by the Honda defendants. The 2008 Civic was equipped with a driver seat and restraint system that would fail and bend or break rearward during a reasonably foreseeable rear-impact collision and result in the driver not being properly restrained in the driver seat through the collision sequence.

30. The unreasonably dangerous and defective condition of the 2008 Civic caused, or contributed to cause, the injuries and damages to Plaintiff described above.

31. Defendants American Honda, Honda Motor and Honda R&D each knew, or should have known, that the driver seat and restraint system in the 2008 Civic was in a defective and unreasonably dangerous condition. Defendants American Honda, Honda Motor and Honda R&D each demonstrated deliberate indifference to, and conscious disregard for, the rights and safety of others such that an award of punitive damages is appropriate in this matter.

WHEREFORE, Plaintiff prays for judgment against American Honda, Honda Motor and Honda R&D for compensatory damages for economic losses and non-economic losses described above in an amount to be determined by a jury at trial, for an award of punitive damages, for the costs of this action and any other relief allowed under Missouri law.

# COUNT II
## Negligence
**(Honda Defendants)**

32. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1 to 31.

33. As the designer, developer, manufacturer, marketer, distributor and/or seller of the 2008 Civic, the Honda defendants each had a duty to exercise due care and the ordinary, reasonable and technical skill and competence that is required of a designer, developer, distributor, marketer, and/or seller, of an automobile, including, without limitation, the duty to acquire and maintain the knowledge of an expert, in the design, development, distribution, marketing, and/or sale of products free from defects and/or latent defects.

34. The Honda defendants each breached its duty of care in one or more of the following ways:

   a. Designing, developing, manufacturing, marketing, distributing and selling the 2008 Civic with a driver seat that would fail and bend or break during a reasonably foreseeable rear-impact collision resulting in the driver not being properly restrained through the collision sequence;

   b. Designing, developing, manufacturing, marketing, distributing and selling the 2008 Civic with a driver seat that would fail and bend or break during a reasonably foreseeable rear-impact collision and come into contact with rear seat structures, including a rear seat that had been folded down, thereby compromising the effectiveness of the restraint system and resulting in the driver not being properly restrained through the collision sequence;

   c. Designing, developing, manufacturing, marketing, distributing and selling the 2008 Civic with a rear seat system that allows the seat to be folded down and into a position that would come into contact when the driver seat fails rearward in a reasonably foreseeable rear-impact collision resulting in the restraint system being compromised and the driver not being properly restrained through the collision sequence;

      d.      Failing to test the 2008 Civic in a reasonably foreseeable rear-impact collision to determine the effect on the restraint system of the rear seat when folded down; and/or

      e.      In other respects that are unknown at this time but may be determined through discovery in this case.

35. The Honda defendants failed to use due care under the circumstances and were thereby negligent in the performance of its duties to Plaintiff.

36. The negligent conduct of the Honda defendants caused or contributed to cause injuries and damages to Plaintiff described above.

37. Defendants American Honda, Honda Motor and Honda R&D each knew, or should have known, that the driver seat and restraint system in the 2008 Civic would not properly restrain a driver during a reasonably foreseeable rear-impact collision. Defendants American Honda, Honda Motor and Honda R&D each demonstrated deliberate indifference to, and conscious disregard for, the rights and safety of others such that an award of punitive damages is appropriate in this matter.

WHEREFORE, Plaintiff prays for judgment against American Honda, Honda Motor and Honda R&D for compensatory damages for economic losses and non-economic losses described above in an amount to be determined by a jury at trial, for an award of punitive damages, for the costs of this action and any other relief allowed under Missouri law.

## JURY DEMAND

38. PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS

Respectfully submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.


*/s/ Kevin D. Stanley*
| | |
|---|---|
| Kenneth B. McClain | MO Bar #32430 |
| Kevin D. Stanley | MO Bar #48008 |
| Michael S. Kilgore | MO Bar #44149 |

221W. Lexington, Suite 400
Independence, MO 64050
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
kbm@hfmlegal.com
kds@hfmlegal.com
msk@hfmlegal.com

And

BLEY & EVANS
| | |
|---|---|
| Mark J. Evans | MO Bar #39050 |
| Wally Bley | MO Bar #28657 |

1000 West Nifong Blvd.
Building 4, Suite 200
Columbia, MO 65203
Telephone: (573) 443-8385
evans@bleyevans.com
bley@bleyevans.com

**ATTORNEYS FOR PLAINTIFF**