UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARY THURMAN,<br><br>      Plaintiff,<br><br>      v.<br><br>AMERICAN HONDA MOTOR CO., INC., *et al.*,<br><br>      Defendants. | Case No. 2:22-cv-04007-NKL |

### ORDER

After defendant American Honda Motor Co., Inc. ("American Honda") moved to dismiss the complaint for failure to state a claim and defendants Honda Motor Co., Ltd. ("Honda Motor") and Honda R&D Co., Ltd. ("Honda R&D") moved to dismiss the complaint for want of personal jurisdiction, plaintiff Mary Thurman moved for leave to amend her complaint for the first time in order to supplement her factual allegations and to add additional defendants. For the reasons explained below, the Court grants the motion for leave to amend the complaint and denies as moot the two motions to dismiss.

    **I.    ALLEGED FACTS**

On June 26, 2019, Ms. Thurman was driving a 2008 Honda Civic on MO Route C. When she was stopped in traffic due to road construction, another person struck the rear of Ms. Thurman's car. During the collision sequence, the driver seat of the Honda Civic allegedly failed rearward and came into contact with the rear seatback, which was folded down as designed by the Honda defendants to allow transportation of cargo. As a result of the driver seat's failing rearward, Plaintiff did not remain properly restrained in the driver seat. She moved out of her seating position

in a rearward direction and impacted the interior of the occupant compartment, sustaining fractures of her thoracic vertebrae. The spinal cord damage rendered Ms. Thurman paraplegic permanently. Ms. Thurman also suffered subarachnoid hemorrhage, lumbar fractures, rib fractures, kidney laceration and contusion, and para-aortic hematoma.

Ms. Thurman alleges that:

- American Honda designed, manufactured through new proposed defendant Honda Canada, and marketed, distributed and/or sold a 2008 Honda Civic for use in the State of Missouri;

- Honda Motor designed, itself or through its wholly owned subsidiary Honda R&D or new proposed defendant Honda Development, had manufactured through its wholly owned division or subsidiary Honda Canada, and marketed, distributed and/or sold through its wholly-owned division or subsidiary American Honda, a 2008 Honda Civic for use in the State of Missouri;

- Honda Motor is a global automobile company that designs, manufactures, markets, distributes and sells automobiles throughout the world, including within the United States and the State of Missouri;

- Honda Motor designs, manufactures, markets and distributes automobiles for sale throughout the world, including the United States and the State of Missouri, through the use of wholly-owned divisions or subsidiaries such as American Honda, Honda R&D, Honda Development and Honda Canada;

- Honda Motor receives financial benefit from the manufacture, marketing, distribution, and sale of automobiles through its wholly-owned divisions or subsidiaries such as American Honda, Honda R&D, Honda Development and Honda Canada;

- Honda Motor ultimately distributes and sells automobiles to the public through a network of independent dealerships that are located throughout the United States, including approximately fifteen independent Honda dealerships located in the State of Missouri;

- Through the use of wholly-owned divisions or subsidiaries such as American Honda, Honda R&D, Honda Development, Honda Canada, and independent Honda dealerships, Honda Motor intentionally and systematically serves the United States market, including the State of Missouri, for Honda vehicles including the 2008 Honda Civic;

- In 1959, defendant Honda Motor established American Honda, or its predecessor in interest, to start the expansion of defendant Honda Motor overseas by creating a

network for sales of Honda automobiles in the United States;

- Honda R&D designed or developed the 2008 Honda Civic for distribution, sale and use in the United States, including the State of Missouri;

- Honda Development designed or developed the 2008 Honda Civic for distribution, sale and use in the United States, including the State of Missouri;

- Honda Canada manufactured a 2008 Honda Civic for distribution, sale and use in the United States, including the State of Missouri;

- TS Tech designed, developed, manufactured, distributed and/or sold the driver seat for the 2008 Honda Civic for use in the United States, including in the State of Missouri;

- Plaintiff's injuries, damages and claims in this matter arise from the design, manufacturing, marketing, distribution and/or sale of the 2008 Honda Civic;

- TS Tech designs seats, including the seats used in the 2008 Honda Civic, based upon the needs of different countries or cultures, including the preferences of Americans—which includes persons using TS Tech seats in the State of Missouri;

- According to TS Tech, the Honda Civic is a vehicle for a global market and the Honda Civic is sold all over the world; and

- From 2006 to 2011, approximately 1.7 million Honda Civic automobiles were sold in the United States.

## II. DISCUSSION

### A. Plaintiff's Motion for Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a) permits a party to seek leave of court to amend a pleading. The Court must grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). "However, denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006).

Defendant American Honda alone opposes the motion to amend the complaint, arguing undue prejudice and also futility with respect to not only the allegations against it, but also the allegations involving the other two defendants named in the original complaint. *See* Doc. 39, p.

3

Case 2:22-cv-04007-NKL   Document 43   Filed 07/01/22   Page 3 of 9

1.  Because Honda Motor and Honda R&D have not opposed Ms. Thurman's motion to amend, and because Plaintiff had the right to file her first amended complaint with respect to those defendants at least, as she moved for leave to file the amended complaint within 21 days of their filing their motion to dismiss (*see* Fed. R. Civ. P. 15(a)(1)(B); Doc. 22; Doc. 28), the Court will not consider American Honda's arguments in opposition to the motion to amend insofar as they pertain to Honda Motor and Honda R&D.

> i. **Whether the Proposed Amendment Would Unduly Prejudice American Honda**

American Honda's first argument is that the proposed amendment would unduly prejudice it because it is "nothing more than an attempt to avoid a potential adverse ruling on [American Honda]'s Motion to Dismiss . . . ." This argument ignores both the letter and spirit of Rule 15(a), which not only requires that timely motions for leave to amend be granted "freely" in the interests of justice, but also permits parties to file, as of right, a first amended complaint within three weeks of the filing of a motion to dismiss. Plainly, the Federal Rules not only permit, but also expect and even encourage, parties to timely amend their pleadings in response to motions to dismiss.

The two cases American Honda cites are easily distinguishable. *Lemonds v. St. Louis County*, 222 F.3d 488, 496 (8th Cir. 2000), by American Honda's own description, involved an attempt to file a *third* amended complaint after a motion to dismiss a second amended complaint was fully briefed. The complaint that Ms. Thurman seeks to file in this case would be but her first amended complaint.

American Honda also cites *Rojas v. Westco Framers LLC*, No. 15-CV-00168-WJM-KLM, 2015 WL 6164061, at *2 (D. Colo. Oct. 21, 2015), to argue that Plaintiff's motion to amend was unduly delayed. However, American Honda appears to have overlooked the fact that the *Rojas* court noted that "'[t]he Federal Rules reject the approach that pleading is a game of skill in which

4

one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits,'" and *Rojas* ultimately rejected the argument that the timely-filed motion to amend pleadings was unduly delayed. *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). In short, American Honda's cases do nothing to convince the Court that permitting Ms. Thurman to amend the complaint would prejudice American Honda.

Nor is the fact that Plaintiff previously filed claims relating to the car collision at issue in other lawsuits relevant to the question of prejudice to American Honda in this case. Ms. Thurman's motion to amend was timely within the parameters this Court established. Indeed, American Honda's suggestion that Ms. Thurman waited too long to move to amend her pleadings is inconsistent with other positions it has adopted in this case. At the outset of this still nascent litigation, American Honda actually requested that the parties have even more time to amend their pleadings. The Court's May 6, 2022 deadline for amending pleadings gave Ms. Thurman far less time to amend her pleadings than the September 1, 2022 deadline that American Honda and the other parties initially proposed. *Compare* Scheduling Order (Doc. 19), p. 2; *with* Joint Proposed Scheduling Order (Doc. 17), p. 1. Thus, there appears to be no merit to American Honda's complaint of undue delay.

### ii. Whether the Proposed Amended Complaint Contains Insufficient Factual Allegations To State a Plausible Claim Against American Honda

American Honda's second argument is that the proposed amendment would be futile because, even with the proposed amendments, the complaint does not contain sufficient factual allegations to state a plausible claim against American Honda.

To determine if an amendment is futile, the Court examines "whether the proposed amended complaint states a cause of action under the *Twombly* pleading standard . . . ." *Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir. 2010). In other words, the Court must determine whether

the proposed amended complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether a complaint alleges sufficient facts to state a plausible claim for relief, the Court accepts all factual allegations as true. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007).

Ms. Thurman asserted claims of both strict liability and negligent design against American Honda. For each of these claims, she would be required to plead facts that plausibly suggest that (1) the car she was in was in a defective condition, and (2) the defective condition caused her injuries.[1] American Honda argues that Ms. Thurman has failed to allege facts sufficient to plausibly allege each of these two elements.

American Honda argues that Plaintiff's allegations that her seat was defective because it "failed rearward" is too cursory to survive a motion to dismiss. To attempt to bolster its position, American Honda cites a number of cases from courts in other states—but as the torts at issue here are governed by Missouri law, those out-of-state cases are not helpful.

The majority of the cases from Missouri that American Honda cites involved motions for summary judgment, which apply a much higher standard than is applicable upon a motion to dismiss. *See Anderson v. Ford Motor Co.*, No. 17-03244-CV-S-BP, 2020 U.S. Dist. LEXIS 66549,

---

[1] "Essential elements of a strict products liability claim are (1) the defendant sold a product in the course of its business; (2) the product was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) plaintiff was damaged as a direct result of the defective condition that existed when the product was sold." *Engel v. Corrigan Co.-Mech. Contractors, Inc., a Div. of Corrigan Bros., Inc.*, 148 S.W.3d 28, 30 (Mo. Ct. App. 2004). A claim for negligent design defect "requires the jury to consider whether defendant manufactured the product, whether the product had a particular defect, whether defendant failed to use ordinary care to design the product to be reasonably safe or adequately warn of the risk of harm, and whether as a direct result of such failure, . . . plaintiff sustained damage." *Johnson v. Auto Handling Corp.*, 523 S.W.3d 452, 466 (Mo. 2017), *as modified* (Aug. 22, 2017).

at *1, *13 (W.D. Mo. Feb. 14, 2020) (discussing proof required to sustain claim upon motion for summary judgment); *Shaffer v. Amada Am., Inc.*, 335 F. Supp. 2d 992, 998 (E.D. Mo. 2003) (same); *McMahon v. Robert Bosch Tool Corp.*, No. 4:18-cv-00583 SRC, 2019 U.S. Dist. LEXIS 191666, at *16 (E.D. Mo. Nov. 5, 2019) (same); *Smith v. Toyota Motor Corp.*, No. 2:16CV24 ERW, 2018 U.S. Dist. LEXIS 56521, at *1 (E.D. Mo. Apr. 3, 2018) (same); *Loomis v. Wing Enters.*, No. 2:11-CV-04184-NKL, 2013 U.S. Dist. LEXIS 8335, at *1 (W.D. Mo. Jan. 22, 2013) (same); *Abt v. Ethicon, Inc.*, No. 1:20-cv-0047 SRC, 2020 U.S. Dist. LEXIS 151003, at *1 (E.D. Mo. Aug. 20, 2020) (same); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998) (same); *Housel v. HD Dev. of Md., Inc.*, 196 F. Supp. 3d 1039, 1041 (W.D. Mo. 2016) (same); *see also Bass v. GMC*, 150 F.3d 842, 848 (8th Cir. 1998) (discussing burden of proof following jury trial); *Tucker v. Ethicon, Inc.*, 2021 U.S. Dist. LEXIS 165901, at *28 (E.D. Mo. Sept. 1, 2021) (discussing proof of causation in context of motion to exclude expert testimony). The only case arising from Missouri and involving a motion to dismiss that American Honda cites is easily distinguishable: in *Briehl v. GMC*, 172 F.3d 623, 628 (8th Cir. 1999), there was no suggestion that the product exhibited a defect. *See id.* ("Since the Plaintiffs have failed to allege any manifest defect and their vehicles perform in a satisfactory manner, the District Court was correct when it dismissed the Plaintiffs' Original Complaint."). Here, in contrast, Ms. Thurman expressly alleges that the driver's seat "failed rearward," causing her injuries.

Insofar as American Honda's citations of cases from courts sitting in other states are not irrelevant because of differences in substantive law, they nonetheless are distinguishable. This is not a case involving only a vague or bare assertion that the product was "defective" or "dangerous" without any suggestion as to the nature of the defect. To the contrary, the nature of the defect (rearward failure of the seat such that the driver seat came into contact with the rear seatback,

7

which was folded down, and plaintiff did not remain properly restrained in the driver seat, but rather moved rearward and impacted the interior of the occupant compartment) and the resulting injuries both are sufficiently clear to withstand scrutiny under *Iqbal*, *Twombly*, and the liberal notice-pleading standards of the Federal Rules. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2) (requiring merely "a short and plain statement of the claim showing that the pleader is entitled to relief"). Further details concerning the nature, mechanics, and cause of the rearward failure may be developed through discovery, but are not necessary at this stage. American Honda's argument that amendment would be futile because the amended complaint does not plead sufficient facts to state a claim thus is meritless.

### iii. Whether Leave to Amend Should Be Granted

Because Ms. Thurman seeks leave to amend her complaint not only to add additional factual allegations concerning the existing defendants but also to add new defendants, and because there is no indication of undue delay, bad faith, futility, or unfair prejudice, the Court finds that Plaintiff is entitled to leave to amend her complaint. *See* Fed. R. Civ. P. 15(a) (providing that leave to amend be granted "freely" when justice requires).

### B. Defendants' Motions to Dismiss

In light of the fact that Plaintiff intends to file an amended complaint, the Court shall deny the pending motions to dismiss as moot. *See, e.g., Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (noting that "motion to amend the complaint rendered moot [defendant]'s motion to dismiss the original complaint").

### III. CONCLUSION

For the reasons discussed above, the Court grants Ms. Thurman's motion for leave to amend the complaint (Doc. 28) and denies as moot the defendants' motions to dismiss (Docs. 4 and 22). Plaintiff must file her amended complaint within one week.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 1, 2022
Jefferson City, Missouri