IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MARY J. THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 22-CV-04007-WJE |
| | ) |
| AMERICAN HONDA MOTOR CO., INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Plaintiff Mary J. Thurman's Motion to Compel Discovery (Doc. 109), and suggestions in support thereof (Doc. 110). Defendants American Honda Motor Co., Inc.; Honda Motor Co., Ltd.; Honda R&D Co., Ltd.; Honda of Canada Manufacturing, Inc.; and Honda Development & Manufacturing of America, LLC ("Honda Defendants") have filed suggestions in opposition. (Doc. 117). On May 23, 2023, the Court held a hearing on this issue. (Docs. 118, 119). This matter is now ripe for consideration. For the reasons that follow, Ms. Thurman's motion is granted in part and denied in part.

### I. Background

This product liability action arose on June 26, 2019, when Ms. Thurman was rear-ended in her 2008 Honda Civic Coupe. (Doc. 44, ¶¶ 31–33). After the driver's seat allegedly malfunctioned during the crash, Ms. Thurman sustained spinal cord damage and is now paraplegic. (*Id.*, ¶¶ 34–37). She alleges strict liability for design defect and negligence in her amended complaint. (*Id.*, ¶¶ 48–90). Ms. Thurman's 2008 Honda Civic was part of the vehicle line from model years 2006 to 2011. (*Id.*, ¶ 10).

On April 7, 2022, Ms. Thurman served her first request for production of documents and

set of interrogatories to American Honda Motor Co., Inc., which served its responses two months later. (Docs. 21, 41). On October 20, 2022, Ms. Thurman served the remaining Honda Defendants with her first request for production of documents and set of interrogatories, and a second request for production of documents to American Honda Motor Co., Inc. (Doc. 99). About a month later, the Honda Defendants served its responses to both sets of discovery. (Doc. 106). On April 17, 2023, Ms. Thurman filed the instant motion to compel. (Doc. 109).

## II. Legal Standard

Trial courts have broad discretion in settling discovery disputes. *Miller v. Buckner*, No. 6:21-cv-03081-MDH, 2022 WL 17585277, at *1 (W.D. Mo. Dec. 12, 2022) (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 381 (8th Cir. 1992)). Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"[T]he burden is initially on the requesting party to make a threshold showing of relevance." *Miller*, 2022 WL 17585277, at *2 (citation omitted). "While the standard of relevance in the context of discovery is broader than in the context of admissibility . . . this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hofer*, 981 F.2d at 380. Assuming relevance, the burden shifts to the opposing party to "establish a lack of relevance and/or undue burden." *Belmont v. Medicredit, Inc.*, No. 2:18-cv-04102-BCW, 2019 WL 13280211, at *1 (W.D. Mo. Jan. 15, 2019) (citation omitted).

### III. Analysis

There are three issues concerning the proper scope of discovery in this case: (1) whether discovery should include design-related and rear crash test documents for the driver's seat, passenger's seat, left rear seat, and right rear seat in the Honda Civic Coupe and Sedan for the prior generation (2001-2005), subject generation (2006-2011), and subsequent generation (2012-2015); (2) whether discovery should include documents related to the Honda Element; and (3) whether the Honda Defendants' hexadecimal data analysis is discoverable. The Court grants in part and denies in part Ms. Thurman's motion, as outlined more fully below.

**A. Discovery shall include all design-related and rear crash test documents for the driver's seat and left rear seat in the Honda Civic Coupe and Sedan for the prior, subject, and subsequent generations.**

Ms. Thurman argues that design-related and rear crash test documents for all generations of the driver's, left rear, passenger's, and right rear seats in the Coupe and Sedan are relevant because the seats are similar to the driver's seat, which allows Ms. Thurman's expert to identify any potential seat strengths and performance differences. (Doc. 110-15, pp. 3–4). At the May 23, 2023 hearing, the Honda Defendants agreed to produce these documents for the driver's and left rear seats, but objected to doing so for the passenger's and right rear seats. (Tr. 12:21–13:14; 29:9–30:15). They assert that only the driver's seat was occupied during the accident, so documents concerning the passenger's and rear right seats are overbroad, not proportional to the needs of the case, and burdensome. (Doc. 117, pp. 7–8). The Court concludes that the Honda Defendants are not required to produce design-related and rear crash test documents for the passenger's seat and right rear seat.

"[T]here is 'no black letter rule of law' regarding . . . discovery disputes in products liability cases, 'other than to state that discovery of similar, if not identical, [components are] generally permitted.'" *Pandolfo v. Exactech, Inc.*, No. 4:20-cv-00535-AGF, 2021 WL 2187910,

at *3 (E.D. Mo. May 28, 2021) (quoting *Hofer*, 981 F.2d at 380–81). The Court must make "a fact specific determination of the extent of the similarities or dissimilarities, and . . . inquire[] about the basis for the discovery request." *Hofer*, 981 F.2d at 381. "[T]he relevant standard is not so liberal as to allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory [of liability]." *Unitherm Food Sys., Inc. v. Hormel Foods Corp.*, No. 14-4034-JNE/BRT, 2015 WL 13021687, at *4 (D. Minn. Aug. 27, 2015), *aff'd sub nom. HIP, Inc. v. Hormel Foods Corp.*, 888 F.3d 334 (8th Cir. 2018) (quotation omitted).

Here, the Court finds that Ms. Thurman has not made a threshold showing of relevancy as to the passenger's seat and right rear seat. Although Ms. Thurman argues that the passenger's seat is the "mirror image" of the driver's seat, her expert concedes that the passenger's seat does not include a manual height adjuster like the driver's seat. (Doc. 110-15, p. 3). Besides stating that the other seats "include many of the same key design attributes [that the driver's seat has,]" Ms. Thurman does not provide further discussion of how the passenger's seat and rear right seat are similar to the driver's seat. (*Id.*). Therefore, the Court cannot make the required fact specific determination regarding the extent of the similarities between the seats. *See Hofer*, 981 F.2d at 381. Without more, Ms. Thurman has failed to demonstrate the relevancy of design-related and rear crash test documents for the passenger's and right rear seats since her theory of liability is that the driver's seat malfunctioned. *See Unitherm Food Sys., Inc.*, 2015 WL 13021687, at *4. Thus, the Court grants in part Ms. Thurman's motion to compel as it pertains to design-related and rear crash test documents. The Court orders the Honda Defendants to produce design-related and rear crash test documents, including sled test documents, for the driver's seat and left rear seat in the Honda Civic Coupe and Sedan for model years 2001-2005, 2006-2011, and 2012-

2015 within 75 days of the date of this Order. The Honda Defendants are not required to produce documents related to the passenger's seat and right rear seat at this time.

### B. Discovery shall not include documents related to the Honda Element.

Ms. Thurman argues that documents regarding the Honda Element, which has a different "all-belts-to-seat" design, is discoverable as evidence of alternative designs. (Doc. 110, pp. 12–13; Tr. 33:16–14). In response, the Honda Defendants argue the Honda Element is not substantially similar to the Honda Civic because the style, design, target market, and manufacturer are different. (Doc. 117, pp. 12–16; Tr. 35:3–18). The Court concludes that the Honda Civic and Honda Element are not substantially similar, so the documents are not discoverable.

"[D]ifferent models . . . will be relevant if they share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation." *Pandolfo*, 2021 WL 2187910, at *3 (quotation omitted). For example, a motion to compel was granted when the shape and location of a pertinent component were different in another model, but the material used to construct the components were the same. *See Mt. Carmel Mut. Ins. Ass'n v. CNH Am., L.L.C.*, No. C12-4112-DEO, 2014 WL 6775593, at *4 (N.D. Iowa Dec. 2, 2014). Courts have held that where the products "use 'fundamentally different types of technology' and are 'substantially different products' . . . [p]laintiffs are not entitled to . . . discovery . . . because it is not relevant." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, No. 15-2666-JNE/FLN, 2017 WL 1373257, at *2 (D. Minn. Apr. 13, 2017), *aff'd*, 9 F.4th 768 (8th Cir. 2021). Where "plaintiff's proposed alternative was a different product, not an alternative design" it is not relevant. *Id.* at *3.

Here, the Court finds that the Honda Civic and Honda Element do not share the same pertinent characteristics. *See Pandolfo*, 2021 WL 2187910, at *3. The Honda Element is a

completely different vehicle. *See In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 2017 WL 1373257, at *3. It is an "activity-oriented" compact crossover sports utility vehicle with a "clam-shell" exterior, bi-parting side doors, and no B-pillar. (Doc. 117, pp. 13–14). The Honda Civic is a passenger vehicle without all-wheel drive and "employs a traditionally designed B-pillar to which the driver's [seatbelt] is affixed." (*Id.*, *see also* Doc. 117-1). With the Honda Element's "all-belts-to-seat" design, the seatbelt is attached to the seatback. (Doc. 110, p. 12). Conversely, in the Honda Civic, the seatbelt is attached to the B-pillar. (*Id.*). Thus, the pertinent components in the Honda Element have a different design and construction than in the Honda Civic. *See Pandolfo*, 2021 WL 2187910, at *3. Due to the Honda Element's sufficiently dissimilar characteristics, Ms. Thurman's motion to compel documents regarding the Honda Element is denied.

### C. Discovery shall not include documents interpreting hexadecimal data from the black box, or RCM.

Ms. Thurman argues that "a copy of any interpretation or analysis of the hexadecimal data retrieved . . . from [her] vehicle" is discoverable because the only way to interpret the data is by using the Honda Defendant's proprietary software. (Doc. 110, pp. 13–14). The Honda Defendants maintain that they have produced written specifications on how to decode the data, and their expert's data interpretation is protected by the work product doctrine. (Doc. 117-1, p. 4; Doc. 117, pp. 16–17). The Court concludes that the interpretation of the hexadecimal data is protected by the work product doctrine.

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). "Ordinary work product includes raw factual information." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) (citing *Gundacker v. Unisys Corp.*, 151 F.3d 842,

848 n.4 (8th Cir. 1998)). "Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means." *Id.* (citing Fed. R. Civ. P. 26(b)(3)). "A party . . . does not demonstrate substantial need when it merely seeks corroborative evidence." *Id.* (citation omitted). In a similar discovery dispute, the court held that plaintiffs were entitled to the hexadecimal data, but were not entitled to the interpretation of the data from the RCM manufacturer. *See Robeck v. Ford Motor Co.*, No. 04-4858-PJS/JJG, 2006 WL 8444978, at *7 (D. Minn. Oct. 11, 2006), *report and recommendation adopted*, No. 04-4858-PJS/JJG, 2006 WL 8444980 (D. Minn. Dec. 21, 2006).

The Court finds that the Honda Defendants' interpretation of the data is protected by the work product doctrine. The Honda Defendants' expert witness did not prepare an interpretation of the hexadecimal data until the litigation commenced, so it qualifies as work product. (Tr. 46:16–17); *see* Fed. R. Civ. P. 26(b)(3)(A). The Honda Defendants have provided Ms. Thurman with instructions on how to decode the data. (Tr. 42:5–10). Thus, she has not shown that she cannot obtain a substantial equivalent of the data interpretation by other means. *See Baker*, 209 at 1054. Accordingly, the Court denies Ms. Thurman's motion to compel as it relates to the hexadecimal data analysis. To the extent instructions for how to decode the data have not already been produced, the Honda Defendants shall produce them within 75 days of the date of this Order.

## IV. Conclusion

It is hereby ORDERED that Plaintiff's Motion to Compel (Doc. 109) is GRANTED IN PART AND DENIED IN PART as set forth herein.

Dated this 29th day of May 2023, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge